LATHAM & WATKINS LLP
  Peter A. Wald (Bar No. 85705)
  Whitney B. Weber (Bar No. 281160)
505 Montgomery Street, Suite 2000
San Francisco, California  94111
Telephone:  +1.415.391.0600
Facsimile:  +1.415.395.8095
E-mail:  peter.wald@lw.com
            whitney.weber@lw.com

LATHAM & WATKINS LLP
  Michele D. Johnson (Bar No. 198298)
  Mazamir Yousefi (Bar No. 313013)
650 Town Center Drive, 20th Floor
Costa Mesa, California  92626
Telephone:  +1.714.540.1235
Facsimile:  +1.714.755.8290
E-mail:  michele.johnson@lw.com
            mazamir.yousefi@lw.com

LATHAM & WATKINS LLP
  Nicholas J. Siciliano (*pro hac vice*)
330 North Wabash Ave., Suite 2800
Chicago, Illinois 60618
Telephone:  +1.312.876.7700
Facsimile:  +1.312.993.9767
E-mail:  nicholas.siciliano@lw.com

*Attorneys for Defendants and Nominal Defendant*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERY KOCEN and MICHAEL RILEY, Derivatively and on Behalf of OSI SYSTEMS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>DEEPAK CHOPRA, AJAY MEHRA, WILLIAM F. BALLHAUS, GERALD CHIZEVER, STEVEN C. GOOD, JAMES B. HAWKINS, MEYER LUSKIN, and DAVID T. FEINBERG,<br><br>Defendants,<br>and<br><br>OSI SYSTEMS, INC.,<br><br>Nominal Defendant. | CASE NO. 2:18-cv-03371-FMO (SKx)<br><br>**DEFENDANTS' REQUEST FOR CONSIDERATION UNDER INCORPORATION-BY-REFERENCE DOCTRINE OR BY JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' AMENDED CONSOLIDATED VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT**<br><br>Action Filed:      April 23, 2018<br><br>Date: March 12, 2020<br>Time: 10:00 a.m.<br>Department: 6D<br>Assigned To: Hon. Fernando M. Olguin |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CASE NO. 2:18-CV-03371-FMO (SKX)
DEFENDANTS' REQUEST FOR CONSIDERATION
UNDER INCORP. BY REF. OR JUDICIAL NOTICE

# **TABLE OF CONTENTS**

**Page**

I.     ARGUMENT................................................................................................3

    A.     Exhibits 1-9 And 13-16 Are Incorporated By Reference In The Complaint...........................................................................4

        1.     Documents Produced In Response To Plaintiffs' Books-And-Records Demand Are Incorporated By Reference (Exhibits 4, 7-8, 13-14) .............................................4

        2.     Documents Explicitly Referenced In The Complaint Are Incorporated By Reference (Exhibits 3, 5-9, 13-16) ...........................................................5

        3.     Documents Identifying OSI's Board Of Directors Are Incorporated By Reference (Exhibits 1-2) ........................7

    B.     Exhibits 1-3, 5-6, 9, 11-12, And 15-16 Are Subject To Judicial Notice ...........................................................................7

II.     CONCLUSION ........................................................................................9

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

# TABLE OF AUTHORITIES

**Page**

## CASES

*Amalgamated Bank v. Yahoo! Inc.*,
132 A.3d 752 (Del. Ch. 2016)...................................................................................5

*City of Cambridge Ret. Sys. v. Universal Health Servs., Inc.*,
2017 WL 4548460 (Del. Ch. Oct. 12, 2017) ........................................................4, 5

*City of Roseville Emps.' Ret. Sys. v. Sterling Fin. Corp.*,
963 F. Supp. 2d 1092 (E.D. Wash. 2013).................................................................6

*Eshelman v. Orthoclear Holdings, Inc.*,
2008 WL 171059 (N.D. Cal. Jan. 18, 2008)..............................................................8

*Feola v. Cameron*,
2015 WL 1264456 (C.D. Cal. Nov. 24, 2015)...........................................................7

*Haw. Laborers Pension Fund v. Farrell*,
2007 WL 5255035 (C.D. Cal. Aug. 23, 2007)...........................................................7

*In re Am. Apparel, Inc. Deriv. S'holder Litig.*,
2015 WL 12724070 (C.D. Cal. Apr. 28, 2015), *aff'd*, 696 F. App'x
848 (9th Cir. 2017)...............................................................................................3, 9

*In re Diamond Foods, Inc. Sec. Litig.*,
2012 WL 6000923 (N.D. Cal. Nov. 30, 2012) ...........................................................3

*In re Facebook, Inc. S'holder Deriv. Privacy Litig.*,
367 F. Supp. 3d 1108 (N.D. Cal. 2019).....................................................................3

*In re Goldman Sachs Grp., Inc. S'holder Litig.*,
2011 WL 4826104 (Del. Ch. Oct. 12, 2011) .........................................................8, 9

*In re Impac Mortg. Holdings, Inc.*,
554 F. Supp. 2d 1083 (C.D. Cal. 2008) .....................................................................8

*In re MGM Mirage Deriv. Litig.*,
2014 WL 2960449 (D. Nev. June 30, 2014)...............................................................4

*In re Polycom, Inc. Deriv. Litig.*,
78 F. Supp. 3d 1006 (C.D. Cal. 2015) .......................................................................9

*In re Sagent Tech., Inc. Deriv. Litig.*,
278 F. Supp. 2d 1079 (N.D. Cal. 2003)......................................................................9

*In re Yahoo! S'holder Deriv. Litig.*,
153 F. Supp. 3d 1107 (N.D. Cal. 2015)...................................................................7, 8

*Kamen v. Kemper Fin. Servs., Inc.*,
500 U.S. 90 (1991)....................................................................................................5

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

*Magro v. Freeport-McMoran Inc.*,
  2018 WL 3725781 (D. Ariz. Aug. 3, 2018) ......................................................6

*McVey v. McVey*,
  26 F. Supp. 3d 980 (C.D. Cal. 2014) ...............................................................4

*Metzler Inv. GMBH v. Corinthian Colls., Inc.*,
  540 F.3d 1049 (9th Cir. 2008) ..........................................................................8

*Riva v. Pepsico, Inc.*,
  82 F. Supp. 3d 1045 (C.D. Cal. 2015) ..........................................................3, 7

*SEC v. Nevatia*,
  2015 WL 6912006 (N.D. Cal. Oct. 19, 2015) ..................................................8

*Sprewell v. Golden State Warriors*,
  266 F.3d 979 (9th Cir. 2001) ............................................................................7

*Turocy v. El Pollo Loco Holdings, Inc.*,
  2016 WL 4056209 (C.D. Cal. July 25, 2016) ..................................................8

*Vasserman v. Henry Mayo Newhall Memorial Hosp.*,
  65 F. Supp. 3d 932 (C.D. Cal. 2014) ...............................................................4

*Waterford Twp. Police v. Mattel*,
  321 F. Supp. 3d 1133 (C.D. Cal. 2018) ...........................................................8

*Zucker v. Andreessen*,
  2012 WL 2366448 (Del. Ch. June 21, 2012) ...................................................9

**STATUTES**

Del. Code Ann. tit. 8, § 220 .................................................................................4

**RULES**

Fed. R. Evid. 201 .............................................................................................3, 7

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

iii

CASE NO. 2:18-CV-03371-FMO (SKX)
DEFENDANTS' REQUEST FOR CONSIDERATION
UNDER INCORP. BY REF. OR JUDICIAL NOTICE

# GLOSSARY OF TERMS

The following terms are used in this memorandum:

| | |
|---|---|
| Board: | OSI Systems, Inc.'s Board of Directors |
| CAC or Complaint: | Amended Consolidated Verified Shareholder Derivative Complaint, filed December 18, 2019, Dkt. No. 33-1, and re-filed on January 3, 2019 pursuant to the Court's sealing order, Dkt. No. 42 |
| CEO: | Chief Executive Officer |
| Company: | OSI Systems, Inc. |
| Defendants: | Nominal Defendant OSI Systems, Inc., Deepak Chopra, Ajay Mehra, William F. Ballhaus, Gerald Chizever, Steven C. Good, James B. Hawkins, Meyer Luskin, and David T. Feinberg |
| DOJ: | U.S. Department of Justice |
| EVP: | Executive Vice President |
| Ex. or Exs.: | Exhibit(s), which are attached to the Declaration of Nicholas J. Siciliano, filed concurrently herewith |
| FCPA: | The Foreign Corrupt Practices Act, as amended, 15 U.S.C. § 78dd-1, *et seq*. |
| ICMS: | Inspection Control & Measuring Systems Sh.p.k |
| *Kocen* Action: | *Kocen v. Chopra, et al.*, Case No. 2:19-cv-0174-FMO (SKx) (C.D. Cal.), filed March 3, 2019 and closed November 25, 2019 |
| MWR: | Muddy Waters, LLC or Muddy Waters Research, which released a report entitled *OSIS: Rotten to the Core*, on December 6, 2017 |
| Order: | Order Granting Defendants' Motion to Dismiss, *Kocen v. Chopra, et al.*, Case No. 2:19-cv-0174-FMO (SKx) (C.D. Cal.), Dkt. No. 50 |
| OSI: | OSI Systems, Inc. |
| Plaintiffs: | Jeffery Kocen and Michael Riley |
| Rapiscan: | Rapiscan Systems, Inc. |
| S2 Albania: | S2 Albania Sh.p.k. |
| S2: | S2 Global, Inc. |
| SEC: | U.S. Securities and Exchange Commission |

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SAN FRANCISCO

iv

CASE NO. 2:18-CV-03371-FMO (SKX)
DEFENDANTS' REQUEST FOR CONSIDERATION
UNDER INCORP. BY REF. OR JUDICIAL NOTICE

| | |
|---|---|
| <u>Securities Class Action:</u> | *Ark. Teacher Ret. Sys. v. OSI Sys., Inc.*, No. 2:17-cv-08841 (C.D. Cal.) |
| <u>Siciliano Decl.:</u> | Declaration of Nicholas J. Siciliano, filed concurrently herewith |

v

CASE NO. 2:18-CV-03371-FMO (SKX)
DEFENDANTS' REQUEST FOR CONSIDERATION
UNDER INCORP. BY REF. OR JUDICIAL NOTICE

Pursuant to the incorporation-by-reference doctrine and Federal Rule of Evidence 201, Defendants respectfully request that this Court consider the following documents in connection with their Motion to Dismiss Plaintiffs' Amended Consolidated Verified Shareholder Derivative Complaint ("Motion to Dismiss"), which are attached to the Declaration of Nicholas J. Siciliano.

1.   **Exhibit 1**: a true and correct copy of OSI's December 13, 2019 Form 8-K, filed with the SEC, which is publicly available at www.sec.gov.

2.   **Exhibit 2**: a true and correct copy of OSI's webpage listing its Board of Directors, as accessed on December 30, 2019, which is publicly available at https://investors.osi-systems.com/investor-relations/company-information/board-of-directors.

3.   **Exhibit 3**: a true and correct copy of OSI's August 21, 2013 press release entitled "OSI Systems Receives Fifteen-Year Agreement to Provide Turnkey Screening Services in Albania," which is publicly available at https://investors.osi-systems.com/investor-relations/general-information/press-releases.

4.   **Exhibit 4**: a true and correct copy of excerpts of a slide deck presented at an October 2015 OSI Board of Directors Meeting, which was produced with Bates numbers OSI_BR_0001105-14.

5.   **Exhibit 5**: a true and correct copy of OSI's December 6, 2017 press release entitled "OSI Systems Responds to Short Seller's Report," which is publicly available at https://investors.osi-systems.com/investor-relations/general-information/press-releases.

6.   **Exhibit 6**: a true and correct copy of a December 6, 2017 Muddy Waters Research report entitled "OSIS: Rotten to the Core."

7.   **Exhibit 7**: a true and correct copy of excerpts of a slide deck presented at an August 2014 OSI Board of Directors Meeting, which was produced with Bates numbers OSI_BR_0001119-23.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

CASE NO. 2:18-CV-03371-FMO (SKX)
DEFENDANTS' REQUEST FOR CONSIDERATION
UNDER INCORP. BY REF. OR JUDICIAL NOTICE

8.    **Exhibit 8**: a true and correct copy of excerpts of a slide deck presented at an April 2015 OSI Board of Directors Meeting, which was produced with Bates numbers OSI_BR_0001115-18.

9.    **Exhibit 9**: a true and correct copy of OSI's June 5, 2019 press release entitled "OSI Systems Notified That U.S. DOJ And SEC FCPA Inquiries Have Been Closed," which is publicly available at https://investors.osi-systems.com/investor-relations/general-information/press-release.

10.    **Exhibit 11**: a true and correct copy of OSI's Certificate of Incorporation, filed as Exhibit 3.1 to OSI's Registration Statement, Amendment No. 1 on Form 8-K12G3, filed with the SEC on March 8, 2010, which is publicly available at www.sec.gov.

11.    **Exhibit 12**: a true and correct copy of OSI's Bylaws, filed as Exhibit 3.2 to OSI's Registration Statement, Amendment No. 1 on Form 8-K12G3, filed with the SEC on March 8, 2010, which is publicly available at www.sec.gov.

12.    **Exhibit 13**: a true and correct copy of a March 20, 2013 email from Michelle Quijano to undisclosed recipients with the subject "Anti-Corruption Compliance – Obligation to Report Misconduct," which was produced with Bates numbers OSI_BR_0000189-90.

13.    **Exhibit 14**: a true and correct copy of the minutes of the October 21, 2013 meeting of the Audit Committee of the OSI Board of Directors, which was produced with Bates numbers OSI_BR_0000616-19.

14.    **Exhibit 15**: a true and correct copy of the Albanian "Law on Concessions," No. 9663, dated December 18, 2006 and published by the Assembly of the Republic of Albania, which is publicly available in English at http://extwprlegs1.fao.org/docs/pdf/alb85809E.pdf.

15.    **Exhibit 16**: a true and correct copy of excerpts of OSI's June 30, 2014 annual report on Form 10-K, filed with the SEC on August 27, 2014, which is publicly available at www.sec.gov.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

CASE NO. 2:18-CV-03371-FMO (SKX)
DEFENDANTS' REQUEST FOR CONSIDERATION
UNDER INCORP. BY REF. OR JUDICIAL NOTICE

# I.   ARGUMENT

In ruling on a motion to dismiss a shareholder derivative complaint, courts may consider "exhibits attached to the complaint," "documents whose contents are alleged in the complaint but not attached, so long as their authenticity is not questioned and the complaint necessarily relies on them," and "matters that are proper subjects of judicial notice under Federal Rule of Evidence 201." *See In re Am. Apparel, Inc. Deriv. S'holder Litig.*, 2015 WL 12724070, at *8-9 (C.D. Cal. Apr. 28, 2015), *aff'd*, 696 F. App'x 848 (9th Cir. 2017); *see also, e.g.*, *Riva v. Pepsico, Inc.*, 82 F. Supp. 3d 1045, 1049 n.1 (C.D. Cal. 2015) ("[A] plaintiff who bases his claims on the contents of particular documents can 'hardly complain' when a defendant refers to the same information in its defense.") (citations omitted).

The incorporation-by-reference doctrine allows the Court to consider documents referenced in Plaintiffs' Complaint—even though they are not physically attached to the pleading. *See In re Diamond Foods, Inc. Sec. Litig.*, 2012 WL 6000923, at *16 (N.D. Cal. Nov. 30, 2012) ("Under the incorporation by reference doctrine, a court may also consider documents submitted by defendants that were referenced in the complaint and whose authenticity has not been questioned.") (internal quotation marks and citation omitted); *see also In re Facebook, Inc. S'holder Deriv. Privacy Litig.*, 367 F. Supp. 3d 1108, 1118 (N.D. Cal. 2019) (incorporation-by-reference doctrine "prevent[s] plaintiffs from cherry-picking certain portions of documents that support their claims, while omitting portions that weaken their claims"). Under Federal Rule of Evidence 201, the Court also may take judicial notice of any fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Documents that are subject to judicial notice may be considered "without converting a motion to dismiss into a motion for summary judgment." *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

CASE NO. 2:18-CV-03371-FMO (SKX)
DEFENDANTS' REQUEST FOR CONSIDERATION
UNDER INCORP. BY REF. OR JUDICIAL NOTICE

n.9 (9th Cir. 2012) (internal quotation marks and citation omitted).

Exhibits 1 through 9, and 11 through 16 are incorporated by reference in the Complaint, are subject to judicial notice, or both, and should be considered in ruling on Defendants' Motion to Dismiss.[1]

### A.   Exhibits 1-9 And 13-16 Are Incorporated By Reference In The Complaint

#### 1.   Documents Produced In Response To Plaintiffs' Books-And-Records Demand Are Incorporated By Reference (Exhibits 4, 7-8, 13-14)

Exhibits 4, 7-8, and 13-14 are documents that OSI produced pursuant to a books-and-records demand under Title 8 of the Delaware Corporations Code, Section 220, and which are incorporated by reference pursuant to an agreement by the parties. *See City of Cambridge Ret. Sys. v. Universal Health Servs., Inc.*, 2017 WL 4548460, at *3 (Del. Ch. Oct. 12, 2017) (holding documents produced in response to books-and-records demand were incorporated by reference per parties' confidentiality agreement).

On January 11, 2018, Lead Plaintiff Jeffery Kocen sent a books-and-records demand to OSI requesting information related to the Albanian contract. CAC ¶ 18. OSI produced over 1,200 pages of responsive documents. *Id.* ¶ 19. Prior to production, Plaintiff Kocen and OSI agreed that "any complaint in any derivative lawsuit that [Plaintiff] files relating to, involving, or in connection with his inspection demand . . . shall be deemed to incorporate by reference the entirety of the books and records of which inspection is permitted." Siciliano Decl. Ex. 17, ¶ 4. Plaintiff Riley entered into a similar confidentiality agreement with OSI

---

[1] The Court may consider Exhibit 10—an order entered in a parallel derivative action putatively brought on behalf of OSI—without taking judicial notice. *See, e.g.*, *McVey v. McVey*, 26 F. Supp. 3d 980, 984 (C.D. Cal. 2014) (judicial notice of court rulings is unnecessary). In any event, courts frequently take judicial notice of other opinions in ruling on motions to dismiss. *See Vasserman v. Henry Mayo Newhall Memorial Hosp.*, 65 F. Supp. 3d 932, 942-43 (C.D. Cal. 2014) ("Court orders and filings are proper subjects of judicial notice"); *In re MGM Mirage Deriv. Litig.*, 2014 WL 2960449, at *3 (D. Nev. June 30, 2014) (taking judicial notice of state court order granting motion to dismiss).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

CASE NO. 2:18-CV-03371-FMO (SKX)
DEFENDANTS' REQUEST FOR CONSIDERATION
UNDER INCORP. BY REF. OR JUDICIAL NOTICE

containing the same essential terms as the Kocen confidentiality agreement. Siciliano Decl. ¶ 18.

Delaware courts have approved similar agreements and concluded that all documents produced in connection with a Section-220 demand are incorporated in any subsequent complaint—and thus are "fair game for citation and reliance in a motion to dismiss."[2] *See City of Cambridge*, 2017 WL 4548460, at *3; *see also Amalgamated Bank v. Yahoo! Inc.*, 132 A.3d 752, 797 (Del. Ch. 2016) (where nominal defendant has produced documents in response to a books-and-records demand on the condition that such documents be deemed incorporated by reference in any complaint, it is appropriate for the Court to consider the documents in their entirety as opposed to only the portions "cherry-picked" by the plaintiff). Exhibits 4, 7-8, and 13-14, which OSI produced as part of the books-and-records demand, therefore are incorporated by reference, and may be considered in connection with Defendants' Motion to Dismiss.

### 2. Documents Explicitly Referenced In The Complaint Are Incorporated By Reference (Exhibits 3, 5-9, 13-16)

Exhibits 3, 5-9, and 13-16 are incorporated by reference in the Complaint because Plaintiffs specifically cite and rely on these documents in support of their allegations:

| Exhibit | Description | Citations in CAC |
|---|---|---|
| Ex. 3 | OSI's August 21, 2013 press release entitled "OSI Systems Receives Fifteen-Year Agreement to Provide Turnkey Screening Services in Albania," which is publicly available at https://investors.osi-systems.com/investor-relations/general-information/press-releases. | CAC ¶¶ 6, 60-62, 161-63 |

---

[2] Because OSI is a Delaware corporation, Delaware law governs the liability of the Company's corporate officers and directors and, in particular, whether Plaintiffs have alleged particularized facts sufficient to show that pre-suit demand would have been futile under Rule 23.1. *See, e.g., Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 108-09 (1991); *see also* Mot. at 6; CAC ¶ 26.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

CASE NO. 2:18-CV-03371-FMO (SKX)
DEFENDANTS' REQUEST FOR CONSIDERATION
UNDER INCORP. BY REF. OR JUDICIAL NOTICE

| Ex. 5 | OSI's December 6, 2017 press release entitled "OSI Systems Responds to Short Seller's Report," which is publicly available at https://investors.osi-systems.com/investor-relations/general-information/press-releases. | CAC ¶¶ 10, 88 |
|---|---|---|
| Ex. 6 | December 6, 2017 Muddy Waters Research report entitled "OSIS: Rotten to the Core." | CAC ¶¶ 8-9, 86-87, 195, 198, 215 |
| Ex. 7 | August 2014 OSI Board of Directors Meeting presentation (excerpts). | CAC ¶ 144 |
| Ex. 8 | April 2015 OSI Board of Directors Meeting presentation (excerpts). | CAC ¶ 148 |
| Ex. 9 | OSI's June 5, 2019 press release entitled "OSI Systems Notified That U.S. DOJ And SEC FCPA Inquiries Have Been Closed," which is publicly available at https://investors.osi-systems.com/investor-relations/general-information/press-release. | CAC ¶ 90 |
| Ex. 13 | OSI's Anti-Corruption Compliance Program as of March 20, 2013. | CAC ¶ 112 |
| Ex. 14 | October 21, 2013 OSI Audit Committee meeting minutes. | CAC ¶ 130 |
| Ex. 15 | Albanian "Law on Concessions," No. 9663, dated December 18, 2006, which is publicly available in English at http://extwprlegs1.fao.org/docs/pdf/alb85809E.pdf. | CAC ¶ 129 |
| Ex. 16 | OSI's June 30, 2014 annual report on Form 10-K, filed with the SEC on August 27, 2014, which is publicly available at www.sec.gov (excerpts). | CAC ¶¶ 27-28, 76, 176, 199-200, 205-206 |

Because Plaintiffs use these documents to support their claims, they "have essentially been adopted" as part of the Complaint, and should be considered in assessing the Motion to Dismiss. *City of Roseville Emps.' Ret. Sys. v. Sterling Fin. Corp.*, 963 F. Supp. 2d 1092, 1107 (E.D. Wash. 2013) (holding that press releases, conference call transcripts, and SEC filings were incorporated by reference where contents were partially alleged in complaint); *see also Magro v. Freeport-McMoran Inc.*, 2018 WL 3725781, at *4 n.2 (D. Ariz. Aug. 3, 2018) (English translation of Indonesian regulation was incorporated by reference where plaintiffs alleged that

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

6

CASE NO. 2:18-CV-03371-FMO (SKX)
DEFENDANTS' REQUEST FOR CONSIDERATION
UNDER INCORP. BY REF. OR JUDICIAL NOTICE

defendants violated the regulation by obtaining permit extensions through bribery); *In re Yahoo! S'holder Deriv. Litig.*, 153 F. Supp. 3d 1107, 1118 (N.D. Cal. 2015) (considering exhibits that were referenced in the complaint under incorporation-by-reference doctrine); *Haw. Laborers Pension Fund v. Farrell*, 2007 WL 5255035, at *3 (C.D. Cal. Aug. 23, 2007) ("On considering a motion to dismiss [a derivative complaint], judicial notice of the full text of documents referenced in a complaint is proper under the doctrine of incorporation by reference.").

### 3. Documents Identifying OSI's Board Of Directors Are Incorporated By Reference (Exhibits 1-2)

Plaintiffs argue that they can bring a derivative lawsuit without making a pre-suit demand on OSI's Board of Directors "because at least half of the Board faces a substantial likelihood of liability from the breach of fiduciary duty claims." CAC ¶ 226. Plaintiffs purport to list OSI's current directors—information that is identified on the Company's website and SEC filings. *See, e.g.*, *id*. ¶¶ 27-35. Plaintiffs list Mehra as a director (*see id*. ¶¶ 28, 225), but at the time Plaintiffs filed the Complaint on December 18, 2019, Mehra had rolled off the Board and been replaced by Kelli Bernard. *See* Siciliano Decl. Ex. 1 (announcing Bernard's election to the Board on December 12, 2019); *see also* Ex. 2 (listing OSI's current Board of Directors). Having placed the Board's composition at issue, Plaintiffs can "hardly complain" when Defendants refer to that same information, even where it contradicts Plaintiffs' allegations. *See Riva*, 82 F. Supp. 3d at 1049 n.1; *see also Feola v. Cameron*, 2015 WL 1264456, at *4 (C.D. Cal. Nov. 24, 2015) ("a court need not accept as true allegations that contradict matters properly subject to judicial notice or by exhibit") (citation and quotation omitted); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (same).

### B. Exhibits 1-3, 5-6, 9, 11-12, And 15-16 Are Subject To Judicial Notice

The Court also should take judicial notice of Exhibits 1-3, 5-6, 9, 11-12, and 15-16 under Federal Rule of Evidence 201(b)(2). Exhibits 1-3, 5-6, 9, 11-12, and

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

CASE NO. 2:18-CV-03371-FMO (SKX)
DEFENDANTS' REQUEST FOR CONSIDERATION
UNDER INCORP. BY REF. OR JUDICIAL NOTICE

16 are SEC filings, press releases, and similar publicly available information about OSI. Courts routinely consider such information in ruling on motions to dismiss shareholder actions. *See, e.g.*, *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (proper to take judicial notice of SEC filings); *Waterford Twp. Police v. Mattel*, 321 F. Supp. 3d 1133, 1143 (C.D. Cal. 2018) (same); *Yahoo!*, 153 F. Supp. 3d at 1117-18 (taking judicial notice of a company's SEC filings and website listing current directors in ruling on motion to dismiss for failure to plead demand futility); *In re Impac Mortg. Holdings, Inc.*, 554 F. Supp. 2d 1083, 1088 n.3 (C.D. Cal. 2008) (taking judicial notice of SEC filings); *Turocy v. El Pollo Loco Holdings, Inc.*, 2016 WL 4056209, at *7 (C.D. Cal. July 25, 2016) (taking judicial notice of "SEC filings, analyst reports, transcripts of various earnings conference calls, and other publicly available financial documents").

The Court also should take judicial notice of Exhibit 15, Albania's Law on Concession. Courts routinely consider foreign laws in resolving motions to dismiss. *See SEC v. Nevatia*, 2015 WL 6912006, at *4 n.4 (N.D. Cal. Oct. 19, 2015) (taking judicial notice of foreign laws); *Eshelman v. Orthoclear Holdings, Inc.*, 2008 WL 171059, at *4 (N.D. Cal. Jan. 18, 2008) (taking judicial notice of excerpts of British Virgin Islands laws). This Court should do the same.

The Court also should judicially notice Exhibits 11 and 12, OSI's Certificate of Incorporation and its Bylaws, because they pertain directly to the governing legal standard that the Court must apply in determining whether Plaintiffs have established demand futility. Where, as here, a company's certificate of incorporation and bylaws provide that its directors are indemnified to the fullest extent permitted by law, directors face a substantial likelihood of liability only if Plaintiffs plead "particularized facts that demonstrate that the directors acted with scienter"—*i.e.*, illegally or in "bad faith." *See In re Goldman Sachs Grp., Inc. S'holder Litig.*, 2011 WL 4826104, at *18 (Del. Ch. Oct. 12, 2011).

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

CASE NO. 2:18-CV-03371-FMO (SKX)
DEFENDANTS' REQUEST FOR CONSIDERATION
UNDER INCORP. BY REF. OR JUDICIAL NOTICE

It is therefore "appropriate" to consider the indemnification provisions reflected in OSI's Certificate of Incorporation and Bylaws in assessing whether Plaintiffs have "sufficiently alleged demand futility by pleading non-exculpated claims." *Am. Apparel*, 2015 WL 12724070, at *15; *see also In re Sagent Tech., Inc. Deriv. Litig.*, 278 F. Supp. 2d 1079, 1095 n.9 (N.D. Cal. 2003) ("[I]t is not improper for the court to consider the effect of a . . . exculpatory provision on a 12(b)(6) motion to dismiss."); *In re Polycom, Inc. Deriv. Litig.*, 78 F. Supp. 3d 1006, 1013 n.4 (C.D. Cal. 2015) (taking judicial notice of the corporation's certificate of incorporation, noting that "the considerations informing an evaluation of demand futility are not necessarily the same as the appropriate considerations in evaluating whether a plaintiff has stated a claim"). The accuracy of these documents, which are filed with the SEC and readily available online, cannot reasonably be questioned. *See* Fed. R. Evid. 201(b)(2); *Zucker v. Andreessen*, 2012 WL 2366448, at *11 (Del. Ch. June 21, 2012) (considering exculpatory provision in granting motion to dismiss for failure to plead demand futility); *Goldman Sachs*, 2011 WL 4826104, at *12 (same).

## II.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider Exhibits 1-9 and 11-16 in connection with Defendants' Motion to Dismiss.

Dated: January 6, 2020

LATHAM & WATKINS LLP

By:  /s/ Peter A. Wald

Peter A. Wald (Bar No. 85705)
Whitney. B. Weber (Bar No. 281160)
505 Montgomery Street, Suite 2000
San Francisco, California  94111
Telephone: +1.415.391.0600
Facsimile: +1.415.395.8095
E-mail:  peter.wald@lw.com
            whitney.weber@lw.com

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

CASE NO. 2:18-CV-03371-FMO (SKX)
DEFENDANTS' REQUEST FOR CONSIDERATION
UNDER INCORP. BY REF. OR JUDICIAL NOTICE

Michele D. Johnson (Bar No. 198298)
Mazamir Yousefi (Bar No. 313013)
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626
Telephone: +1.714.540.1235
Facsimile: +1.714.755.8290
E-mail: michele.johnson@lw.com
           mazamir.yousefi@lw.com

Nicholas J. Siciliano (*pro hac vice*)
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60618
Telephone: +1.312.876.7700
Facsimile: +1.312.993.9767
E-mail: nicholas.siciliano@lw.com

*Attorneys for Nominal Defendant OSI Systems, Inc., and Defendants Deepak Chopra, Ajay Mehra, William F. Ballhaus, Gerald Chizever, Steven C. Good, James B. Hawkins, Meyer Luskin, and David T. Feinberg*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10    CASE NO. 2:18-CV-03371-FMO (SKX)
DEFENDANTS' REQUEST FOR CONSIDERATION
UNDER INCORP. BY REF. OR JUDICIAL NOTICE